**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ASSOCIATION FOR THE APARTMENT OWNERS OF THE CLIFF, | Superior Court Case No. <u>CV0188-19</u> |
| Plaintiff, | **DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MANUEL L. CONCEPCION, | |
| Defendant. | |

This Court here considers Plaintiff Association for the Apartment Owners of the Cliff's Motion for Summary Judgment. Defendant Manuel L. Concepcion did not file an Opposition. Having considered the pleadings on file, admissions on file, and the applicable law, the Court issues the following Decision and Order GRANTING the Association's Motion for Summary Judgment.

I.     <u>**UNDISPUTED FACTS**</u>

1. The Association is a nonprofit corporation organized under the Horizontal Property Regime laws of Guam whose purpose is "to act as a management body for the [Cliff's] property owners." Compl. ¶ 1 (Feb. 22, 2019); Answer ¶ 1 (Mar. 25, 2019).

2. As part of its management capabilities, the Association has the authority to levy assessments against the Cliff's unit owners to pay for any common expenses associated with maintaining the Cliff's common areas and the Association's operation. Compl. ¶ 1, Ex. A; Answer ¶ 1.

ORIGINAL

3. The Association derives its authority from the Cliff's Declaration, which states that the Association can levy assessments against unit owners for the maintenance of the Cliff's common areas and charge interest for an owner's failure to pay those assessments. Compl., Ex. A at 50-55.

4. Concepcion owns Unit C-11 at the Cliff. Compl. ¶ 2, Ex. B; Answer ¶ 2.

5. Concepcion failed to timely pay assessments levied by the Association against Concepcion. In turn, the Association engaged in collection efforts against Concepcion. Compl. ¶ 6; Answer ¶ 6.

6. On December 18, 2018, the Association recorded its Notice of Delinquent Assessment against Concepcion's apartment at the Department of Land Management as Instrument No. 929721. Compl. ¶ 7, Ex. C; Answer ¶ 7.

7. The Association filed suit against Concepcion on February 22, 2019, for breaching the Cliff's Declaration. Concepcion responded with an Unverified Answer on March 25, 2019.

8. The parties began discovery and the Association served Concepcion with a Request for Admissions on June 26, 2019. Jacques G. Bronze Decl., Exs. B, C (Sept. 11, 2019). Concepcion never replied. *Id.* at ¶ 9.

9. The Association's Request for Admissions asks Concepcion to admit that he breached the Cliff's Declaration "regarding the payment of assessments in accordance with the Declaration and as a result of [the] breach, [the Association] has suffered damages... and [the Association] has been further required to expend attorneys fees and costs to enforce the covenant to pay such charges against [Concepcion]." *Id.*, Ex. B, ¶ 2.

ORIGINAL

10. The Request for Admissions further asks Concepcion to admit that he "has a contractual obligation to timely pay all assessments levied by the Association and such other charges authorized by the Declaration, such as late fees, interests and costs of collection incurred by the Association, and that [Concepcion's] failure to pay the Assessment Delinquency described herein constitutes a material breach of such contractual obligation under the Declaration." *Id*. Ex. B, ¶ 3.

11. Finally, it asks Concepcion to admit that "prior to July 2018, the [Association] sent [him] an assessment relating to the purchase of a generator and he failed to pay said amount... that there is no leak in Unit C-11... that there are no rodent, rat or cockroach infestations in any common areas of the building where Unit C-11 is located...[and] that [Concepcion] does not have any right of offset or set off under the Declaration against common area expenses owed by [Concepcion] as an Owner of Unit C-11." *Id*. Ex. B, ¶¶ 4-7.

12. As of September 1, 2019, the Association seeks to collect damages for Concepcion's breach of the Declaration in the amount of $50,794.72, exclusive of attorney fees and costs. Wang Chieh Su Decl., Ex. D (Sept. 11, 2019). Concepcion has not disputed this amount.

## II.   **LAW AND DISCUSSION**

Guam Rule of Civil Procedure 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a

ORIGINAL

fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit...Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7. "The Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Id.*

The Association seeks summary judgment determining that Concepcion breached the Cliff's Declaration by failing to timely pay all assessments levied by the Association. To establish a breach of contract claim, a party must demonstrate the existence of a contract, its performance or excuse for nonperformance, the opposing party's breach, and any resulting damages to the moving party. *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19.

The Association's Requests for Admissions sought to establish that Concepcion breached the Cliff's Declaration. The Association requested Concepcion to admit the following: (1) that Concepcion had constructive notice of the Declaration and his duty to pay assessments levied by the Association; (2) that Concepcion breached the Declaration and as a result of his breach, the Association suffered damages and expended attorney's fees and costs which Concepcion is liable for; (3) that Concepcion has a contractual obligation to timely pay all fees levied by the Association and any other charges such as late fees, interests, and costs of collection incurred by the Association, and that Concepcion's failure to pay constitutes a material breach of such contractual obligation; (4) that prior to July 2018, the Association sent Concepcion an

ORIGINAL

assessment relating to the purchase of a generator and he failed to pay that amount to the Association; (5) that there is no leak in Unit C-11; (6) that there is no rodent, rat, or cockroach infestation in any common areas of the building where Unit C-11 is located; and (7) that Concepcion does not have the right of offset under the Declaration against common area expenses owed by him. Mot. at 7-8 (Sept. 11, 2019).

Under Rule 36(a), a matter is admitted unless the party to whom the request is directed replies within thirty days. "Any matter admitted... is exclusively established." GRCP 36(b). Even when viewed in the light most favorable to Concepcion, because Concepcion did not respond to the Association's Admission Requests within thirty days, the Court finds the matters admitted and exclusively established. Therefore, no material factual dispute as to Concepcion's breach of contract exists between the parties.

Furthermore, because Concepcion failed to contest the Association's calculation of damages, summary judgment is warranted as to the amount sought.

## III.    CONCLUSION

Based on the undisputed material facts, the Association has demonstrated that Concepcion breached his obligation under the Declaration to pay any assessments or charges levied by the Association. Therefore, the Court GRANTS the Association's Motion for Summary Judgment, including on the undisputed calculation of damages.

The Court will hold a Status Hearing on March 11, 2020, at 9:00 a.m. to dispose of any remaining issues, including the Association's request for reasonable attorney fees and costs.

SO ORDERED this 3rd day of March 2020.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**



Date: 3/3/2025

Deputy Clerk, Superior Court of Guam

Appearing Parties:
Jacques G. Bronze, Esq., Law Office of Jacques G. Bronze, for Plaintiff Association of the Apartment Owners of the Cliff
Manuel L. Concepcion, *pro se*

